[L. A. No. 8661. In Bank.—January 31, 1929.]

HELEN L. BRENGLE et al., Appellants, v. ROBERT I. STEEN et al., Defendants; SOUTHERN CALIFORNIA GAS COMPANY, a Corporation, Respondent.

Jennings & Belcher and Vernon Brydolf for Appellants.

O'Melveny, Millikin & Tuller, Thos. J. Reynolds and O'Melveny, Tuller & Myers for Respondent.

SEAWELL, J.—This action arose out of the same explosion of illuminating gas as that involved in *Sawyer* v. *Southern California Gas Co.* (L. A. No. 8326), *ante*, p. 366 [274 Pac. 544]. Plaintiffs herein are the surviving wife and minor daughter, respectively, of Selby T. Brengle, deceased, who died from injuries received in said explosion, and the compensation insurance carrier of Hooper, the owner of the accessories shop in which the explosion took place. Brengle was an employee of Hooper. The plaintiff insurance company has paid the death benefit provided for in the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831, as amended), to said surviving wife and minor daughter of Brengle.

A nonsuit in favor of the Southern California Gas Company was granted in the case herein, as in the Sawyer case, and a judgment of dismissal entered thereon. The evidence is substantially similar in the two cases, except that

it was not shown in the instant case that the four meters were installed pursuant to orders which Turner, the owner of the building, had given to the gas company before the completion of said building. It was shown herein that the meter connecting with the accessories shop was not ordered turned on, but it was not affirmatively shown that the installation was made without a proper order. In the absence of affirmative evidence showing that the installation of the accessories shop meter was not authorized, it must be presumed that said meter was installed upon the order of a proper person, since the burden of proof to establish that the meter was installed without an order would be upon plaintiffs, who were required to prove all facts necessary to establish liability. However, for the reasons stated in the Sawyer case, the evidence presented a question for the jury as to the liability of the gas company, notwithstanding the fact that the installation of the meter supplying the accessories shop had been ordered by the owner of the building.

Judgment reversed.

Richards, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.

Waste, C. J., Shenk, J., and Preston, J., dissented.